RECEIVED

SEP 1 6 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Leleux-Thubron | Civil Action No. 6:13-cv-00852 |
| versus | Judge Richard T. Haik, Sr. |
| Iberia Parish Government, et al | Magistrate Judge C. Michael Hill |

## ORDER

Pending before the Court is plaintiff, Holly Leleux-Thubron's, Motion For Rule 26 Sanctions And Motion To Determine Sufficiency of Defendants' Responses, [Rec. Doc. 156], an Opposition Memorandum filed by defendants, Iberia Parish Government, Thomas J. Landry, Troy F. Comeaux, Bernard Broussard, Ricky J. Gonsoulin, Glenn Romero, Roger Duncan, Jerome Fitch, and Marty Trahan, each in his individual and official capacity as Iberia Parish Council members [Rec. Doc. 160] and plaintiff's Reply Memorandum [Rec. Doc. 165]. For the reasons that follow, plaintiff's motion will be granted in part and denied in part.

## BACKGROUND

On April 29, 2015, plaintiff propounded Interrogatories and Request for Production of Documents upon each of the eight defendant Council members via facsimile to defense counsel. On April 30, 2015, plaintiff propounded Requests for Admissions upon each of the eight defendant Council members via facsimile to defense counsel. Both discovery submissions contained an Affidavit of Verification for each Council member to sign. Plaintiff received defendants' responses to the Request for Admissions on June 2, 2015 and the

remainder of discovery responses on June 3, 2015. All of the responses by all defendants were identical and were signed by Gary McGoffin, the attorney representing the Council members. *R. 156-5.*

Thereafter, plaintiff took the depositions of three of the defendants, Bernard Broussard, Troy Comeaux and Thomas Landry on July 6 and 7, 2015. Plaintiff represents that on July 14, 2015, his counsel submitted an email to McGoffin stating that Broussard, Comeaux and Landry "each testified in their depositions that they had not seen the discovery requests or participated in preparing discovery responses." *R. 156-1, p. 6.* Plaintiff's counsel requested that defendants provide their discovery responses within five (5) days and thereafter be re-deposed at defendants' cost pursuant to F.R.C.P. 37, LR 37.1 and F.R.C.P. 26. *Id.* Plaintiff further represents that McGoffin responded to the email that day stating that neither Rule 26, 33 nor 34 "require a party's personal signature unless they are not represented by counsel of record" and there is no basis for a Rule 37 sanction. *Id.*

## ANALYSIS

Plaintiff filed this Motion to Compel moving the Court to determine the sufficiency of all of the answers submitted and to have the Requests For Admission deemed admitted under Rule 36. In particular, plaintiff asserts that Rule 33 requires the person making the answers to interrogatories, in this case the Council members, sign them while the attorney objecting to the interrogatories signs the objections. Plaintiff further asserts that defendants failed to properly respond to the Requests For Admission because their attorney, McGoffin,

answered the Requests For Admissions rather than the party-defendant. Finally, plaintiff asserts that defendants violated Rule 26(g) when their attorney failed to comply with his "affirmative duty of inquiry" and his "obligation to make a reasonable inquiry into the issues covered by his certification before signing the document."

Defendants oppose the motion contending that "Plaintiff and her counsel seek to create new rules of federal civil procedure applicable to this case." *R. 160, p. 3.* They cite Rule 26(g) as requiring the attorney for a party to sign the discovery responses and objections rather than requiring the party's signature and verification. They also contend that neither Rule 33, 34 nor 36 require that interrogatories or requests for admission must be signed by the party or verified by affidavit as requested by plaintiff. Defendants maintain that regardless of the discovery responses, defendants' deposition answers should appease plaintiff's concerns.

*I. Defendants Answers to Plaintiff's Interrogatories*

Plaintiff contends that defense counsel, McGoffin, did not make the reasonable inquiry required by Rule 26 in preparing the answers to interrogatories propounded by plaintiff. Federal Rule of Civil Procedure 26(g)(1) provides that "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number" and that, "[b]y signing, an attorney or [unrepresented] party certifies that to the best of the person's knowledge, information, and belief formed after

3

a reasonable inquiry: ... (B) with respect to a discovery request, response, or objection, it is: (I) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action ." Fed. R. Civ. P. 26(g)(1).

A party's "counsel, not his client, is responsible for coordinating the preparation of, signing, and serving written responses to discovery requests. Counsel have "an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir.1990). 'As to the content and form of [a party's] discovery responses, it is [the party's] counsel's professional responsibility to assist the [party] in answering the discovery requests fully and in accordance with the law.' *Maggette v. BL Dev. Corp.*, 2009 WL 1767091, at *1 (N.D.Miss. June 18, 2009)." *Simmons v. Tarrant Cnty. 9-1-1 Dist.*, 2014 WL 2587516, at *5 (N.D. Tex. June 10, 2014).

While plaintiff contends that defendants Broussard, Comeaux and Landry stated they had never seen any of plaintiff's discovery requests and had not participated in the preparation of any discovery responses, plaintiff has provided no support for this contention.

4

Instead, the Answers to Plaintiff's Interrogatories comport with the requirements of Rule 26.

Plaintiff also contends that the Council members did not personally sign the answers to interrogatories propounded by plaintiff. "Under Rule 33, 'interrogatories must be answered by the party to whom they are directed." Fed. Rule Civ. Proc. 33(b)(1)(A). 'Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. Rule Civ. Proc. 33(b)(3). Further, Rule 33(b)(5) requires that "[t]he person who makes the answers must sign them." Fed. Rule Civ. Proc. 33(b)(5). Courts have construed the Rule 33 signing requirement rigidly. *Entergry Louisiana, Inc. v. National Union Fire Insurance Co.*, 1999 WL 239511, at *2 (E.D.La. Apr. 21, 1999) (finding that under Rule 33(b)(5), the party, and not the party's attorney, must sign Interrogatories); *Swank v. Scottsdale Insurance Co.*, 2011 WL 1044625, at *3 (W.D.La. Mar. 21, 2011) (same)." See *Lackey v. SDT Waste and Debris Services,* 2013 WL 5772325, 5 (E.D.La.,2013). This is one of the few exceptions to the general principle under the Federal Rules of Civil Procedure that the attorney may sign all pleadings and papers. C. Wright, A. Miller, R. Marcus, 8A *Federal Practice and Procedure* §§ 2172 and 2177 (West 1994).

Here, the answers to interrogatories contain objections that defense counsel was permitted to sign. Defendants, however, are in violation of Rule 33(b)(5) in that the answers were not signed by the parties. Defendants must provide the Rule 33(b) verification of their interrogatory answers, signed under oath by each defendant, not by their counsel.

II. *Requests For Admission*

5

Rule 36 provides that a party may serve *any other party* written requests for admission of the truth of any matters within the scope of Rule 26(b). Fed.R.Civ.P. 36(a)(emphasis supplied). The matter is deemed admitted unless *the party to whom the request is directed* serves the requesting party a written answer or objection within thirty days after the service of the request. *Id.* Moreover, "[a]ny matter admitted ... is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed.R.Civ.P. 36(b). Admissions obtained under Rule 36 may be offered in evidence at the trial of the action. Perhaps more significantly, admissions of a party-opponent are not hearsay, Fed.R.Evid. 801(d)(2), and thus may be considered in ruling on a motion for summary judgment.

Plaintiff asserts that defense counsel, McGoffin, "submitted his own response[s], as if he was a party, on behalf of each defendant Council member," without discussing the Request For Admissions or the responses with each defendant. Plaintiff's memorandum provides the testimony of defendant Landry who stated that McGoffin prepared the responses without his input. In particular, Landry stated that the response to Admission No. 1, "You voted to defund Plaintiff's position/employment with Iberia Parish Government on September 12, 2012," was incorrectly denied and that he did vote to de-fund plaintiff's position. Landry stated, "It's wrong. . . . His response is - - I don't know why with the denied part, but I did vote for it. Maybe he doesn't find it relevant. I don't know. We didn't discuss that." *R. 156, p. 12.*

Thus, defendants did not personally answer the Requests for Admission propounded by plaintiffs, and are therefore in violation of Rule 36(a). In light of this violation, the Court will require that each defendant submit responses to the Requests for Admission, in which they have signed and verified their compliance with Rule 36.

*III. Sanctions*

Plaintiff's request for sanctions and attorney's fees in connection with its motion is denied. The motion has been granted in part and denied in part. Under these circumstances, a just apportionment of the fees and expenses incurred in connection with the motion is that all parties should bear their own expenses. Fed.R.Civ.P. 37(a)(4)(C).

Accordingly,

**IT IS ORDERED** that plaintiff, Holly Leleux-Thubron's, Motion For Rule 26 Sanctions And Motion To Determine Sufficiency of Defendants' Responses is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that within thirty (30) days from the entry of this order, defendants Thomas J. Landry, Troy F. Comeaux, Bernard Broussard, Ricky J. Gonsoulin, Glenn Romero, Roger Duncan, Jerome Fitch, and Marty Trahan are to submit: (1) verified interrogatory answers, signed under oath by each defendant; and, (2) verified responses to the Requests for Admission, signed by each defendant.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 9th day of September, 2015.

Carol B. Whitehurst
United States Magistrate Judge